**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

GS HOLISTIC, LLC,

Plaintiff

v.

Smokey Monkey 4 LLC, et al,

Defendants

Case No. 1:23-cv-01846-RMR-NRN

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 41(b)**

Plaintiff, GS Holistic LLC ("GS Holistic"), by and through its undersigned counsel, responds in opposition to the Motion to Dismiss Pursuant to Rule 41(b) filed by Defendants Smokey Monkey 4 LLC and Nassim Kchik (ECF No. 68). In opposition to the motion, GS Holistic submits the following:

**Introduction**

Defendants seek the most severe sanction available—dismissal, and indeed dismissal with prejudice—based on a relatively short delay in responding to a motion to dismiss for failure to state a claim. But Rule 41(b) dismissal is a drastic remedy, reserved for extreme circumstances involving willful misconduct, bad faith, or persistent disregard of court orders.

Plaintiff recognizes that this litigation has a lengthy procedural history and that prior delays have understandably required the Court's attention. Plaintiff does not minimize those concerns. At the same time, the conduct at issue here should be evaluated on its own facts. Since Defendants retained new counsel after previously proceeding without representation, Plaintiff timely sought an extension of time to respond to the motion to dismiss, identified multiple grounds supporting that request, participated in good-faith settlement discussions, and otherwise attempted to address

the case in a constructive manner.

There is no evidence that Plaintiff acted in bad faith, willfully disregarded a court order, or engaged in conduct intended to delay these proceedings. At most, Defendants identify procedural delay, but not the type of egregious conduct that justifies the "death penalty of pleading punishments." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

## <u>Background</u>

### *A. Procedural history of this case.*

This case was filed on July 20, 2023.[1] The case was consolidated with related cases. *See* ECF No. 22. The case was then stayed for nearly two years from January 12, 2024, until December 23, 2025, *see* ECF No. 29, and was effectively restarted earlier this year when current counsel for GS Holistic became involved. *See* ECF No. 39.

### *B. The motion to dismiss for failure to state a claim and Plaintiff's extension requests.*

On April 3, 2026, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), challenging the sufficiency of Plaintiff's Second Amended Complaint for Injunctive Relief and Damages. ECF No. 60. The Motion to Dismiss raised arguments regarding the validity of Plaintiff's trademark registrations and whether Plaintiff had adequately pleaded claims against individual Defendant Nassim Kchik.

Plaintiff filed a motion for extension of time on April 24, 2026, ECF No. 62, requesting a twenty-five day extension to respond to the motion to dismiss. In its request, Plaintiff cited ongoing settlement negotiations between the parties and represented that the extension was sought in good faith and would not prejudice any party. The Court denied this motion without prejudice for failure to confer with opposing counsel. ECF No. 63. To be clear, Plaintiff had consulted with counsel for

[1] Undersigned counsel was not involved in the filing of the Complaint.

Defendant but failed to include that representation in the initial motion for extension of time.

After consultation with opposing counsel, Plaintiff filed its renewed Motion for Extension of Time on May 7, 2026. ECF No. 65. In this renewed motion, Plaintiff provided particularized reasons for the requested extension: (1) undersigned counsel was managing several competing deadlines and hearings that require travel; (2) undersigned counsel had a previously scheduled family travel commitment; (3) as defendants were unrepresented for much of the litigation, the need for the present filing only recently became apparent; and (4) the parties continued to engage in discussions regarding a potential resolution of this matter, which could narrow or potentially obviate some or all of the issues raised in the motion to dismiss. Again, the renewed motion advised that it was made in good faith and not for undue delay.[2] The Court denied this motion. ECF No. 66.

***C. The motion to dismiss for failure to state a claim and Plaintiff's extension requests.***

On May 15, 2026, Defendants filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 68. Defendants argue that Plaintiff has failed to prosecute the case and has failed to respond to the motion to dismiss despite the denial of its requested extension. Defendants seek dismissal with prejudice, arguing that the five factors established in governing Tenth Circuit authority support such a sanction.

Defendants cite a pattern of non-compliance in other cases brought by Plaintiff, including a case in the Middle District of Florida. Defendants reference a prior warning issued by Judge Neureiter in this case (ECF 30) that any future failures to follow the local or federal rules, or orders of the Court, may result in dismissal of the case, or potentially, all cases.

***D. Plaintiff's current procedural position.***

[2] Defendants opposed Plaintiff's request for a modest extension of time, notwithstanding the fact that such extensions are routinely granted by agreement among counsel.

After the Court denied Plaintiff's renewed motion for extension of time, Plaintiff was placed in a procedurally constrained position. The response deadline had already elapsed, and Plaintiff had no clear path forward to respond to the motion to dismiss. Plaintiff found itself in an atypical procedural posture.

**Summary of the Argument**

Dismissal with prejudice is an extraordinary remedy reserved for extreme circumstances and must be imposed only as a last resort after careful consideration of five mandatory factors. *See Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). Applying those factors to this case demonstrates that dismissal with prejudice is not warranted.

First, Defendants have suffered no concrete, particularized prejudice beyond the inherent burden of pending litigation. The incremental harm from a single missed response deadline is minimal and fully remediable by allowing Plaintiff to respond promptly.

Second, one missed response deadline following a lengthy stay and case restart does not constitute the sustained obstruction of judicial administration that warrants the harshest available sanction. The Court retains effective tools to manage the docket and ensure future compliance.

Third, Plaintiff's culpability is limited. Plaintiff sought extensions rather than ignoring the deadline, and articulated specific, concrete reasons for those requests: travel for hearings and deadlines, pre-scheduled family commitments, settlement discussions, and case complexities arising from Defendant's prior pro se status. Respectfully, these particularized reasons go beyond generic "press of business" and demonstrate an attempt to comply with procedural requirements. After the extensions were denied, Plaintiff faced a genuine procedural constraint.

Fourth, while a prior warning exists in the case history, it was directed at a pattern of conduct across multiple cases and was not specifically aimed at the conduct at issue here. A

warning is one factor among five and does not compel dismissal where the other factors do not support such an extreme remedy.

Fifth, practical alternatives to dismissal with prejudice are readily available and would effectively address Defendants' concerns. The Court can grant Plaintiff leave to file the response within a defined period, deny further extensions, and award reasonable attorney's fees and costs. These lesser sanctions would cure the missed deadline, compensate Defendants, and ensure future compliance while preserving Plaintiff's right to litigate on the merits.

The balance of factors weighs decisively against dismissal with prejudice. The appropriate remedy is to deny Defendants' motion and, if the Court is inclined, impose a measured sanction that permits the case to proceed to resolution on the merits.

## Argument

### I. Dismissal with prejudice is a drastic sanction that requires careful application of the five-factor test.

Dismissal with prejudice under Federal Rule of Civil Procedure 41(b) is not a routine sanction for procedural noncompliance. The Tenth Circuit has established that "dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." *Davis*, 571 F.3d at 1061. This characterization reflects the severity with which courts must approach this remedy, as dismissal with prejudice defeats altogether a litigant's right to access to the courts. *Id.*

Before imposing dismissal with prejudice, trial courts must engage in a careful, case-specific analysis rather than applying a mechanical rule that dismissal automatically follows a missed deadline. The Tenth Circuit requires courts to consider five factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (cleaned up). "Only when the aggravating actors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7)). This framework ensures that dismissal with prejudice is not imposed reflexively but only after a thorough evaluation of each factor in the context of the particular case.

The requirement to consider these factors is mandatory, not discretionary. Courts must undertake a deliberate examination of the circumstances surrounding the noncompliance and the appropriateness of the sanction in light of the specific facts presented. The fact that Plaintiff failed to timely respond to Defendants' Rule 12(b)(6) motion, even after two extension motions were denied, does not by itself justify dismissal with prejudice. The court must examine whether Plaintiff's conduct was willful, whether Defendants have suffered prejudice that cannot be remedied by alternative means, whether Plaintiff received adequate warning, and whether lesser sanctions would be sufficient to protect Defendants' interests and deter future noncompliance.

## II. The five-factor analysis under *Ehrenhaus* weighs against dismissal with prejudice.

### *A. Defendants have suffered no concrete, particularized prejudice.*

The first factor requires examination of the degree of actual prejudice to the defendant. Defendants claim prejudice arising from the three-year pendency of the case and the missed response deadline. This argument conflates inherent litigation prejudice with the incremental harm caused by Plaintiff's single missed response.

First, nearly two years of that delay is attributable to the stay that was put in place. Second, Defendants make it appear as if their motion to dismiss itself has been pending for three years. *See* ECF No. 68 at 2 (describing the "current situation where—almost three years into this case—Defendant's motion to dismiss still has not even been considered by the Court"). But that is not

true. Defendants filed their Rule 12(b)(6) motion to dismiss on April 3, 2026, which is barely two months ago, not three years.

Third, the prejudice inherent in any pending litigation—uncertainty, expense, and the passage of time—cannot justify dismissal with prejudice. What matters is whether Defendants have suffered concrete, particularized harm attributable to the missed response deadline itself. Defendants have made no showing of lost evidence, increased costs directly traceable to the delay, or tactical disadvantage resulting from the brief additional time needed for Plaintiff to respond to the Rule 12(b)(6) motion.

The record demonstrates that once Plaintiff is permitted to respond, the Court can promptly resolve the pending motion. The cure is straightforward and does not require extended further proceedings. The incremental prejudice from a single missed response deadline—particularly one that can be remedied by allowing Plaintiff to file the response within a defined period—is insufficient to support the drastic sanction of dismissal with prejudice.

***B. One missed deadline does not constitute sustained interference with judicial administration.***

The second factor examines the amount of interference with the judicial process. A single missed response deadline, occurring after a lengthy stay and case restart, does not constitute the kind of sustained, willful obstruction that warrants dismissal with prejudice.

The record shows that Plaintiff sought extensions rather than simply ignoring deadlines. This conduct, while ultimately unsuccessful, demonstrates an attempt to comply with the Court's orders and to communicate with the Court about scheduling difficulties. A missed response does not rise to the level of interference contemplated by the applicable standard.

Moreover, the Court retains effective tools to manage the docket and prevent future delay. The Court can establish a firm deadline for Plaintiff's response and make clear that any future

requests for extensions will be disfavored absent extraordinary circumstances. These measures will ensure that the pending motion is resolved promptly without resorting to the extreme remedy of dismissal with prejudice.

### *C. Plaintiff's culpability is limited to, at most, negligence, not willful defiance.*

The third factor requires examination of the culpability of the litigant. Plaintiff's conduct reflects negligence at most, not willful defiance or contumacious behavior warranting dismissal.

The record demonstrates that Plaintiff sought an extension rather than ignoring the deadline. Plaintiff's motion articulated specific, concrete reasons for the request: travel obligations related to hearings and other deadlines in this and other matters, pre-planned family travel, ongoing settlement discussions, and the complexities of the case posture resulting from Defendant's prior pro se status. These reasons go beyond generic workload complaints and reflect genuine scheduling conflicts and case-management challenges.

Culpability is a critical factor in the dismissal analysis. Conduct that reflects an attempt to comply—even if ultimately unsuccessful—demonstrates a fundamentally different level of culpability than willful disregard for court orders. Plaintiff's efforts to seek extensions, coupled with the articulated reasons for those requests, establish that this case involves inadvertence or negligence rather than the willful defiance that would justify dismissal with prejudice.

After the Court denied the extension requests, Plaintiff was left in a procedural limbo. The deadline to respond to the motion to dismiss had already passed, yet Plaintiff had not been granted additional time in which to file its response. An untimely response filed without leave risked being challenged as procedurally improper, while no filing at all exposed Plaintiff to the argument that it had failed to respond. Plaintiff's actions were therefore shaped by the unusual procedural posture of the case, not by any intent to abandon its claims or disregard the Court's authority.

***D. The prior warning was directed at a pattern across cases, not this specific conduct.***

The fourth factor examines whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance. But the existence of a warning is one factor among five and does not, by itself, compel dismissal where the other factors do not support such a drastic remedy. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (cleaned up).

The prior warning referenced by Defendants was directed at future noncompliance generally and was issued in the context of a pattern of conduct across multiple GS Holistic cases. The warning was not specifically aimed at the conduct at issue here—a single missed response deadline following good-faith extension requests. A warning cannot be transformed into a basis for dismissal with prejudice simply because a subsequent deadline was missed. To hold otherwise would convert warnings into automatic triggers for dismissal, a result inconsistent with the Tenth Circuit's teaching that dismissal with prejudice "should be used as a weapon of last, rather than first, resort." *Davis*, 571 F.3d at 1061.

The need to prosecute one's claim is indeed an important consideration. However, Plaintiff's conduct demonstrates an attempt to prosecute the claim while managing legitimate scheduling conflicts and settlement discussions. The existence of a prior warning, when considered alongside the other factors—limited prejudice, minimal interference, negligence rather than willfulness, and the availability of effective lesser sanctions—does not tip the balance toward dismissal with prejudice.

***E. Lesser sanctions are available and would be effective.***

The fifth factor requires consideration of the efficacy of lesser sanctions. Practical, tailored

alternatives to dismissal with prejudice are readily available and would effectively address Defendants' concerns while preserving Plaintiff's right to be heard on the merits.

The Court should grant Plaintiff leave to file the response to the Rule 12(b)(6) motion within a defined period, such as seven days. This remedy directly cures the missed deadline and permits the Court to resolve the pending motion on the merits. Simultaneously, the Court can state that no further extensions will be provided absent extraordinary circumstances.

Additionally, to the extent the Court is inclined, the Court may award a reasonable monetary sanction or award reasonable attorney's fees and costs. This sanction provides a financial incentive for Plaintiff to comply with future deadlines.

These measures are far less drastic than dismissal with prejudice, are directly responsive to the conduct at issue, and would be effective in preventing future delay while allowing the case to proceed to resolution on the merits.

**III. Plaintiff's extension requests satisfied good cause principles.**

Defendants argue that dismissal is appropriate for failing to follow the Court's Uniform Civil Practice Standards. Respectfully, the Standards do not mandate dismissal under these circumstances, nor do they support the extraordinary relief Defendants seek. Essentially, Defendants' argument overstates both the requirements of the Standards and the consequences of the conduct at issue.

Plaintiff recognizes that the Court's Uniform Civil Practice Standards require extension requests to be supported by good cause and caution that the ordinary press of business generally does not justify an extension. Plaintiff does not dispute those principles. The relevant point, however, is that Plaintiff's requests were not premised on a generalized assertion of workload.

Rather, Plaintiff identified specific circumstances affecting counsel's ability to meet the

response deadline, including travel associated with other litigation matters, previously scheduled family commitments, and ongoing settlement discussions that offered the potential to narrow the issues in dispute and conserve judicial resources. Whether or not those circumstances ultimately warranted an extension, they reflect a good-faith effort to present concrete reasons supporting the requested relief rather than a routine claim of being too busy to comply with a deadline.

That distinction cautions against dismissal with prejudice. Plaintiff did not ignore the deadline, disregard the Court's procedures, or simply allow the response period to expire without any action. To the contrary, Plaintiff sought relief from the Court. The record therefore reflects an effort to comply with the Court's procedures, even if the Court ultimately denied the requested extension of time.

The upshot is that these circumstances are inconsistent with Defendants' suggestion that Plaintiff acted in bad faith, willfully disregarded the Court's Standards, or abandoned its claims.

**IV. Each case must be evaluated on its own merits.**

Defendants devote substantial attention to Plaintiff's conduct in other matters. Whatever significance Defendants believe those matters may have, they cannot replace the case-specific analysis required under Rule 41(b).

Dismissal cannot be imposed based on generalized concerns or litigation history in other cases. Rather, a trial court must evaluate the circumstances of the case before it, including the degree of prejudice to these Defendants, any interference with the judicial process in this action, Plaintiff's culpability with respect to the conduct at issue, whether Plaintiff was warned that dismissal could result, and the efficacy of lesser sanctions. Those factors must be assessed on the record developed in this case.

To the extent the Court considers Plaintiff's broader litigation history, that consideration

does not alter the outcome of the factor analysis here. As discussed above, Defendants have not demonstrated substantial prejudice, the delay at issue has been limited, Plaintiff sought extensions rather than ignoring the Court's procedures, and lesser measures remain available to address any concerns regarding compliance. Under these circumstances, the extraordinary sanction of dismissal would be disproportionate to the conduct at issue.

If the Court concludes that some corrective measure is warranted, there are readily available alternatives short of dismissal. Such measures would address the issue presented while preserving the longstanding preference for resolving disputes on their merits.

## Conclusion

For the foregoing reasons, the extraordinary sanction of dismissal—and particularly dismissal with prejudice—is not warranted under the governing Tenth Circuit standard. The relevant factors weigh against dismissal and demonstrate that any concerns can be adequately addressed through measures short of terminating this action.

Plaintiff therefore respectfully requests that the Court: (1) deny Defendants' Motion to Dismiss Pursuant to Rule 41(b) and (2) grant Plaintiff leave to file its response to Defendants' 12(b)(6) Motion to Dismiss (ECF No. 60), within 7 days of the Court's order, or within such other period and on such conditions as the Court deems appropriate. In the alternative, Plaintiff requests leave to submit a memorandum of points and authorities addressing the merits of Defendants' 12(b)(6) Motion to Dismiss so that the issues may be resolved on a complete record.

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this June 5, 2026, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF and it was sent electronically to all NEF registered parties.

/s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030