**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action NO. 1:23-cv-1846-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

SMOKEY MONKEY 4, LLC, et al.,

Defendants.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 41(b)**

---

Defendants file this Reply in support of their Motion to Dismiss Pursuant to Rule 41(b) (ECF 68; "Motion") and in response to GS Holistic's Response (ECF 69; "Response").

## I. INTRODUCTION

Plaintiff does not dispute that over the course of the past three years it has failed to prosecute this case. Indeed, its failure is well documented and resulted in a finding by this Court that Plaintiff was simply *incapable* of prosecuting multiple cases at once. ECF 30 at 7 (citing the "the demonstrated inability of GS Holistic to pursue these cases simultaneously"). That was demonstrably true, as documented by the Court, when GS Holistic had over 50 cases pending in this district. *Id.* It has proven to be just as true with GS Holistic's current caseload with approximately 15 cases currently pending in

this district.[1] (In addition to hundreds which have been filed elsewhere around the country.) Rather than meeting this Court's deadlines and complying with this Court's orders, Plaintiff has, instead, chosen to ignore deadlines until the day that compliance is due, and then file motions for extensions of time—without fully informing the court of opposing counsel's position (in violation of D.C.COLO.LCivR 7.1(a)) on *the same day Plaintiff's response was due* (a violation of Practice Standard 6.1A(b)). This has occurred not just in this case but in other cases as well. *See e.g., GS Holistic v. Myxed Up Creations, et al.* Case No., 23-cv-1771 at ECF 70 (Mar. 18, 2026) and 71 (Mar. 20, 2026) (filing **opposed** motion for extension of time, failing to inform the Court that the motion was opposed, leading to the court granting the motion believing it to be unopposed). It is proof of this Court's initial ruling: that like 55 cases, Plaintiff is equally unable to prosecute 15 cases in a timely manner. And, any hope of getting these cases to trial along the Court's articulated timeline appears impossible given Plaintiff's desire to unilaterally ignore or extend all deadlines, rather than comply with them.

Given that the Court already held that GS Holistic failed to prosecute its case,

1 *See GS Holistic, LLC v. Vaportoke Inc. et al*, Case No. *1:23-cv-01513-RMR-NRN; GS Holistic, LLC v. CAP5, LLC et al,* Case No. 1:23-cv-01516-RMR-NRN; *GS Holistic, LLC v. Rocky Mountain Ecigs LLC et al*, Case No. 1:23-cv-01539-RMR-NRN; *GS Holistic, LLC v. R&R Property Management Ltd et al*, 1:23-cv-01542-RMR-NRN; *GS Holistic, LLC v. ANJ Enterprises LLC et al*, Case No. 1:23-cv-01658-RMR-NRN; *GS Holistic, LLC v. Hudini's Accessories et al*, 1:23-cv-01697-RMR-NRN; *GS Holistic, LLC v. Negasi LLC et al*. 1:23-cv-01707-RMR-NRN; *GS Holistic, LLC v. Paramathma Inc et al.*, 1:23-cv-01829-RMR-NRN; *GS Holistic, LLC v. Smokey Monkey 4 LLC et al.*, 1:23-cv-01846-RMR-NRN; *GS Holistic, LLC v. The Joint LLP, et al.*, 1:23-cv-01860-RMR-NRN; *GS Holistic, LLC v. Abdul Wader Qurban Inc. et al.*, 1:23-cv-01923-RMR-NRN; *GS Holistic, LLC v. Alphastar Vapes, Ltd et al.*, 1:23-cv-01930-RMR-NRN; *GS Holistic, LLC v. Hustle n Smoke LLC et al.*, 1:23-cv-01939-RMR-NRN; *GS Holistic, LLC v. The Pipe Joint LLC et al.*, 1:23-cv-02022-RMR-NRN; and *GS Holistic, LLC v. Proven Saq #1 LLC et al.*, Case No. 1:23-cv-02044-RMR-NRN.

issued dire sanctions of staying over 50 cases, only to have Plaintiff continue to fail to prosecute its case, dismissal is clearly warranted.

## II. ARGUMENT

GS Holistic presents six arguments as to why this case should not be dismissed: (1) GS Holistic argues that Defendants seek the most severe sanction "based on a relatively short delay in responding to a motion to dismiss for failure to state a claim." (2) GS Holistic argues that Defendants have not shown the requisite prejudice necessary for dismissal. (3) GS Holistic argues "one missed response" does not warrant dismissal. (4) That "Plaintiff's culpability is limited." (5) That prior warnings were insufficient. And, (6) GS Holistic argues, finally, that "practical alternatives to dismissal" exist. GS Holistic is wrong on each argument and Defendants address each argument in turn below.

### A. Defendants do not seek this sanction "based on a relatively short delay in responding to a motion to dismiss for failure to state a claim."

GS Holistic asserts that Defendants seek a severe sanction "based on a relatively short delay in responding to a motion to dismiss for failure to state a claim." (Response, 1.) That is not true. As clearly articulated in Defendants' Motion (*see e.g., Mot.* at 2), Defendants only seek this sanction after GS Holistic had been repeatedly warned to comply with this Court's rules and after GS Holistic had already been sanctioned by having this case stayed for almost two years based on GS Holistic's blatant and repeated failure to comply with this Court's rules and orders—which was fully documented in this Court's own Order. ECF 30. GS Holistic's desire to not litigate

this case on the Court's timeline was clear from very beginning. Indeed, the first thing filed by GS Holistic after the Complaint, was a motion for extension of time so it would not have to comply with the timeline set forth in Rule 16. ECF 8. Shortly thereafter, this Court issued an order to show cause because GS Holistic was not responding to scheduling and settlement communications from various defendants. ECF 12. GS Holistic's actions compounded from there, resulting it this Court loosing all faith in GS Holistic being able to comply with the Court's schedule, the rules of this Court, and the Rules of Civil Procedure. *See* ECF 30. It is with this backdrop that this case was then re-started earlier this year and with this backdrop that GS Holistic now **continues to violate this Court's rules and to simply ignore this Court's deadlines.** Defendants would never seek dismissal based on a single missed deadline—here there is a clearly demonstrated pattern and practice of intentionally missing deadlines or waiting until the deadline to seek unilateral extensions. This Court's initial assessment was clearly *correct:* GS Holistic simply cannot (or will not) litigate these cases, and, as a result, this case should be dismissed. This case is an extreme example of a party persistently disregarding court orders—a category of cases GS Holistic *admits* should be dismissed pursuant to Rule 41. *See* Response, 1 (stating Rule 41 dismissal "reserved for" "persistent disregard of court orders").

Furthermore, GS Holistic did not just "delay" in responding to the motion to dismiss. It *chose* to not respond entirely. If this decision was indeed inadvertent, in such an instance where GS Holistic missed a deadline, it clearly has the opportunity to file a Motion pursuant to Fed. R. Civ. P. 6(b)(1)(B) and show that the failure was a result of "excusable neglect." GS Holistic has, consistent with its pattern and practice of not

litigating this case, of course, chosen to not file such a motion.[2]

**B. GS Holistic is incorrect that "Defendants have suffered no concrete, particularized prejudice" due to GS Holistic's failures.**

GS Holistic next argues that Defendants have suffered no "particularized prejudice" due to its repeated 3-years of delay and missed deadlines. That is, GS Holistic's argument appears to be: "What is another couple of weeks in a case that is still at its pleading stage after three years"? GS Holistic then appears to blame the Court for the bulk of that delay. *See* Response, 6. This, of course, flips the record on its head. The stay in this case was not the fault of "the Court" (Response, 6) but instead was entirely attributable to GS Holistic's actions and failures in the first months of this, and the other 50+ cases, it chose to file in this Court. To blame the bulk of the delay on the Court is simply nonsense. Furthermore, GS Holistic cites no case law supporting its argument that the Court should only consider the harm related to the most recent failure of a party to comply with Court deadlines. (Such a rule—whitewashing previous failures—would make no sense.)

For example, in *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002), the Tenth Circuit upheld a dismissal under Rule 41 where the district court stated "that it was 'troubled by plaintiff's counsel's inability to comply with the court's orders in a timely and professional manner." *Id.* Then—after meeting an interim deadline—plaintiff failed to show at a scheduled status conference, resulting in the Court's dismissal under Rule

2 Instead, in Kafkaesque fashion, GS Holistic asks that this Court sanction GS Holistic by ordering it to file a response within 7 days (*see* Response at 12). Of course this request to file a response out of time appears to be a request for relief outside of a motion in violation of D.C.COLO.LCrR 12.2.

41. *Id.* The Tenth Circuit agreed the district court was right to dismiss under such circumstances. In so doing, the district court—applying the *Ehrenhaus* factors—"noted on at least two occasions that plaintiff's failure to follow court orders and rules had inconvenienced and prejudiced the defendants and the court." *Id*. at 1188. Thus, as shown in *Gripe*, the test is not the severity of the most recent failure, as GS Holistic argues, but instead the cumulative failure of a party to litigate a case. Here, there is three years of evidence as to how GS Holistic's failures have inconvenienced and prejudiced the Defendants and the Court. As shown in *Gripe*, That is sufficient to show this factor of *Ehrenhaus.*

**C. GS Holistic is incorrect "one missed response deadline following a lengthy stay and case restart does not constitute the sustained obstruction of judicial administration that warrants the harshest available sanction."**

Like with the previous factor, GS Holistic's Response errs by focusing solely on GS Holistic's latest missed deadline, rather than the context and pattern of GS Holsitic's action across the past three years. GS Holistic's failures cannot be viewed in a vacuum and the Tenth Circuit does not require that they be so viewed. In *Gripe,* the Tenth Circuit affirmed dismissal where the district court cited to multiple missed deadlines, rather than focusing solely on the final straw (the missed scheduling conference). This Court's previous Order (ECF 30) spells out exactly how GS Holistic's missteps in the initial part of this case brought the Court to issue drastic sanctions of staying this and over 50 other cases for almost two years. This sanction was issued because of GS Holistic's failure to comply with the federal rules, the local rules, and this Court's orders.

Now that this case has been resumed, those failures continue. To focus only on the latest missed deadline, as GS Holistic suggests, would be erroneous as shown in *Gripe.*

### D. GS Holistic is wrong that "Plaintiff's culpability is limited."

Again, GS Holistic's response incorrectly focuses only on the latest violation of the local rules. GS Holistic was well aware that it had failed to comply with the federal and local rules which had resulted in the two-year stay in this case. Any rational party—especially given the Court's warning—would then make sure that it was well versed in and complied with the applicable rules going forward. GS Holistic chose not to review the applicable rules. That culpability is not "limited" and GS Holistic has no explanation as to why it did not reach out to opposing counsel or the Court **earlier** as required by Civil Practice Standard 6.1(A)(b).[3] Had it followed this Court's rules, GS Holistic would not be in its current position—the very definition of culpable conduct.

### E. GS Holistic is wrong that the prior warnings were insufficient.

GS Holistic next argues that while a prior warning exists in the case history, it

3 GS Holistic claims its requested extension was needed for "travel for hearings and deadlines, pre-scheduled family commitments, settlement discussions, and case complexities arising from Defendant's prior pro se status." Response, 8. Defendants have no clue what GS Holistic is referring to with respect to "case complexities arising from Defendant's prior pro se status." With respect to all of the other reasons for an extension, these are things that were known to GS Holistic well in advance of the due date and GS Holistic could have reached out to opposing counsel well in advance and a motion for an extension could have been filed well in advance of the due date. GS Holistic chose not to do so. GS Holistic also completely failed to explain how it isolated travel or family commitments kept it from being able to respond to the Motion to Dismiss within the three-week window provided by this Court's rules.

was directed at a pattern of conduct across multiple cases and was "not specifically aimed at the conduct at issue here." (Response, 9.) This argument is similarly unavailing. In *Gripe*, for example, after witnessing Plaintiff's failures to comply with court orders, the court warned plaintiff that "[t]he court expects and directs plaintiff's counsel to fully comply with all orders of the court and to comply with all applicable federal and local rules. Further instances of 'inadvertently overlooking' court deadlines and similar requirements will be met with the utmost disapproval and possible sanctions, including, if appropriate, dismissal of this action." *Gripe,* 312 F.3d at 1187. The Tenth Circuit upheld this warning as satisfying the fourth factor of *Ehrenhaus.* An identical scenario played out in this case. Judge Neureiter was unequivocal in his Order to Plaintiff, when Plaintiff first started ignoring rules and orders:

> Finally, Plaintiff GS Holistic and its counsel are hereby placed on notice that any future failures to follow the local or federal rules, or orders of the Court, may result in dismissal of the case, or potentially, all cases.

ECF 30 at 9. This is more than sufficient to place GS Holistic on notice that its failure to follow local or federal rules, including timelines for responding to motions, would result in dismissal.

**F. GS Holistic is wrong that "practical alternatives to dismissal with prejudice are readily available and would effectively address Defendants' concerns."**

This Court has tried lesser sanctions. That attempt failed. Cases were stayed for all of 2024 and 2025. That—almost unheard of—sanction has clearly had no impact on GS Holistic's actions. This case was just restarted this year, and Plaintiff has already

missed the first substantive deadline set by the rules and the Court. Plaintiff learned nothing from its two year time-out and there are no other sanctions which could conceivably result in Plaintiff actually complying with this Court's rules.

**III. Conclusion**

The requirements of Rule 41(b) are met. Plaintiff has failed to prosecute this case. Failed to respond to the Motion to Dismiss, and, despite two Orders denying motions for extension, still has not responded to Defendant's Motion. Defendant respectfully requests that this Court put an end to this almost-three-year example of ignoring Court rules and Orders and dismiss this case with prejudice. (Or, if the Court finds that the factors are not met, to dismiss this case without prejudice which does not require the same showing.)

Respectfully submitted,

June 19, 2026

*/s/ Isaac S. Crum*

Isaac S. Crum
Crum IP, LLC
111 E. Dunlap Ave.
Suite 1-258
Phoenix, AZ 85020
isaac@crumip.com
Tel: (602) 888-3383